White, J.
The only question for decision in this case is, whether the defendants shall be required to re-count the votes returned for representative to Congress from the seventh district, and issue a certificate of election to the relator.
The answer to this question depends upon the construction of our own statute.
The following are the only provisions of the statute to which we need refer. Section 2949 of the Revised Statutes provides that on each ballot “ shall be written or printed the names of the persons voted for, with a pertinent designation of the office which he or they may be intended to fill.”
Section 2980 provides : “ The sixth day after the election, or sooner, in case the returns are made, the clerk of the court of common pleas, taking to his assistance two justices of the peace of the county, shall proceed to open the several returns made to his office, and make abstracts of the votes in the following manner, viz.: . . .
“ 2. Upon an another sheet an abstract of votes for governor, lieutenant-governor, secretary of state, auditor of state, treasurer of state, attorney-general, state commissioner of common schools, member of the board of public works, judge of the supreme court, clerk of the supreme court, and representatives to Congress.”
Section 2982 requires that, “ the clerk shall .... also forthwith make, certify, seal, and indorse, in manner aforesaid, a copy of abstracts Nos. 2 and 3, and transmit the same by mail to the secretary of state at Columbus.”
Section 2986 is as follows: “ Within ten days after the first day of December next after such election, the governor and secretary of state shall, in the office of the secretary of state, in the presence of the auditor of state and attorney-general, open the returns of abstract No. 2, made to the secretary of state, for state commissioner of common schools, member of .the board of public works, judge of the supreme court, clerk of the supreme court, and representatives to Congress for each congressional district; and if it appear that the returns have *603 been received from all the counties agreeably to the provisions of this chapter, the governor and secretary of state shall forthwith proceed to ascertain the number of votes given for the different persons for such offices.”
Section 2991 declares that, “ the governor shall transmit to each person so elected a certificate of his election, which certificate shall be signed by the governor, sealed with the great seal of the state, and countersigned by the secretary of state.”
It is not claimed in this proceeding for mandamus, that IT. L. Morey, for whom fifty-five hundred and seventeen votes were returned from Clermont county, is in fact a different person from Henry L. Morey, for whom the votes were returned from the other counties. The claim is that the defendants, in canvassing the returns and awarding the certificate, were bound to assume that they were different persons without reference to what the fact might be ; and that the court, in acting upon the present application, is bound to make the same assumption.
It is not denied that if the returns from all the counties had been, as they were from Clei’mont county, for H. L. Morey, that the certificate should have been given to the same person to whom it was given.. So also, if the return from Clermont county had been Henry L. Morey, instead of H. L. Morey, the same person would have received the certificate as did receive it and would have received it had all the votes been returned for H. L. Morey.
The statute required the defendants “ to ascertain the number of votes given for the different persons for” the office; and the certificate was to be given to the “person so elected.”
We fully concede that the duties of the defendants, in the respect in question, were ministerial in their nature. But the performance of ministerial duties requires the exercise of intelligence, sense and judgment. Ministerial duties must be performed correctly; and the fact that a ministerial officer performed his duties according to his judgment is of no avail, if the duties are not correctly performed. A sheriff is bound to ascertain the identity of the person described in process, and to serve the right person. Nor would the fact that there were *604 several persons oí the same name relieve him from the performance of the duty ; nor the fact that the Christian name of the party named in the process, was expressed by initials only.
In the case of State ex rel. v. Commissioners of Holmes County (17 Ohio St. 608), the question was whether the system of paying bounties described in the Act of April 6, 1866, had been adopted in that county. The commissioners, in answer to the alternate writ of mandamus, set up, in substance, that they had duly and fairly considered the facts and were unable to conclude that a system of paying bounties to volunteers had ever been adopted in that county. The court said that “ in determining whether such a system of paying bounties had been adopted in any county, the board acts in a ministerial, and not in a judicial capacity. It is no answer to the alternative writ, that the respondents set up that they were unable, after investigation, ‘ to conclude that the system of paying bounties described in the act had ever been adopted in Holmes county.’ If the facts existed which made the statute applicable to their county, they were bound to ascertain the facts correctly, and to perform the duty which the statute enjoined; as much as a sheriff is bound to determine correctly on whom, or on what property, to serve or execute process.”
It is true, the defendants as a canvassing board were required to ascertain the number of votes given for the different persons for the office; and the certificate of election was to issue to the “person so elected.” The person so elected was to be determined from the returns before the board. The returns “ are only evidence of the will of the electors expressed by their ballots. If this evidence is such as to produce reasonable conviction of what that will is, it should be allowed to have its legitimate effect.” Strong, Petitioner, 20 Pick. 494. If thqperson receiving the certificate did not receive the plurality of votes as shown by the returns, fairly and reasonably understood, the defendants have not performed the duty enjoined upon them. If IT. L. Morey and Henry L. Morey designate the same person, as appears from the returns read in the light of such facts of public notoriety connected with the election as every one takes notice of, the defendants have per *605 formed their duty correctly in giving the certificate to Henry L. Morey.
It is not averred the votes were intended for different persons ; and we understand it to be conceded, in argument, that IT. L. Morey and Henry L. Morey, were, in fact, intended to designate the same person.
The rule that should govern in canvassing the returns is thus stated by Judge Cooley, in his work on Constitutional Limitations, and we think correctly: “ The action of such boards is to be carefully confined to an examination of the papers before them, and a determination of the result therefrom in the light of such facts of public notoriety connected with the election as every one takes notice of, and which may enable them to apply such ballots as are in any respect imperfect, to the proper candidates or offices for which they are intended, provided the intent is sufficiently indicated by the ballot in connection with such facts, so that extraneous evidence is not necessary for this purpose.” Cooley’s Con. Lim. 623.
The relator relies upon the case of Clarke v. Board of Examiners of Hampton County (126 Mass. 282), in which it Avas held that mandamus would not lie “ to compel the board to count certain votes, containing the initial letter only of the Christian name of a candidate, with other votes containing his name in full.”
But it does not follow that had the board determined to count the votes instead of to exclude them, they would have been compelled by mandamus not to count them.
Eor the reasons stated, the application for mandamus is refused.